# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

v.

CRB

CR 15 437

CHARLYNE BASADA,

DEFENDANT(S).

---

## INDICTMENT

Title 18 U.S.C. § 1343 – Wire Fraud; Title 18 U.S.C. § 1344(1), (2) – Bank Fraud;
Title 18 U.S.C. § 1028A – Aggravated Identity Theft; Title 18 U.S.C. § 981(a)(1)(C)
& 28 U.S.C. § 2461(c) – Criminal Forfeiture;

---

A true bill.

_____ Foreman

Filed in open court this  10th  day of
September, 2015.

_____ Clerk
SALLIE KIM        Bail, $ no bail aut

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☐ SUPERSEDING

--- OFFENSE CHARGED ---

18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1344(1), (2) – Bank Fraud; 18 U.S.C. § 1028A – Aggravated Identity Theft; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHED FOR PENALTIES

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
SEP 10 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NO. DIST. OF CA

DEFENDANT - U.S
▶ CHARLYNE BASADA aka Charlyne Melendres

DISTRICT COURT NUMBER
CR 15 437

CRB

--- PROCEEDING ---

Name of Complaintant Agency, or Person (& Title, if any)
United States Department of Labor

☐ person is awaiting trial in another Federal or State Court, give name of court
_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District
_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO. _____

Name and Office of Person Furnishing Information on this form   BRIAN STRETCH
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Benjamin Kingsley

--- DEFENDANT ---

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction   } ☐ Federal   ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution
   _____

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed _____

DATE OF ARREST ▶   Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year _____

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: no bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
_____

Date/Time: _____   Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT

Counts One through Twelve:

    18 U.S.C. § 1344 – Bank Fraud

    Maximum penalties:  30 years imprisonment (18 U.S.C. § 1344)
                                $1,000,000 fine or twice gross gain or loss (18 U.S.C. §§ 1344, 3571(b)(3))
                                5 years supervised release (18 U.S.C. § 3583(b)(2))
                                $100 special assessment (18 U.S.C. § 3013)

Counts Thirteen through Sixteen:

    18 U.S.C. § 1343 – Wire Fraud

    Maximum penalties:  20 years imprisonment (18 U.S.C. § 1343)
                                    $250,000 fine or twice gross gain or loss (18 U.S.C. § 3571(b)(3))
                                3 years supervised release (18 U.S.C. § 3583(b)(2))
                                $100 special assessment (18 U.S.C. § 3013)

Counts Seventeen and Eighteen:

    18 U.S.C. § 1028A – Aggravated Identity Theft

    Maximum penalties:  Mandatory 2 years imprisonment in addition to any sentence imposed for Counts One through Three (18 U.S.C. § 1028A(a)(1))

BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 15 437 CRB |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1344(1), (2) – Bank Fraud; 18 U.S.C. § 1028A – Aggravated Identity Theft; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| v. | |
| CHARLYNE BASADA, a/k/a "Charlyne Melendres," | |
| Defendant. | SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment:

1. Defendant CHARLYNE BASADA, also known as "Charlyne Melendres," resided in California.

2. JVM Lending was a mortgage lending company based in Walnut Creek, California. BASADA was employed by JVM Lending from approximately December 2009 through approximately June 2011.

3. Wells Fargo Bank was a financial institution, as that term is defined in Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance

INDICTMENT

1 | Corporation ("FDIC"), certificate number 3511.

2 |     4.    JVM Lending maintained a checking account at Wells Fargo, with an account number
3 | ending in -6021.

4 |     5.    Victim J.V., an owner of JVM Lending, maintained a personal checking account at Wells
5 | Fargo, with an account number ending in -6137.

6 |     6.    Forum Design was an architecture firm based in San Francisco, California. BASADA
7 | was employed by Forum Design from approximately July 2011 through approximately April 2014.

8 |     7.    Citibank was a financial institution, as that term is defined in Title 18, United States
9 | Code, Section 20, the deposits of which were insured by the FDIC, certificate number 7213.

10 |     8.    Forum Design maintained a checking account at Citibank, with an account number
11 | ending in -4321.

12 |     9.    Interior Design Works d/b/a Korts & Knight ("Korts & Knight") was an interior design
13 | firm based in San Francisco, California. BASADA was employed by Korts & Knight from
14 | approximately June 2014 through approximately February 2015.

15 |     10.    First Republic Bank was a financial institution, as that term is defined in Title 18, United
16 | States Code, Section 20, the deposits of which were insured by the FDIC, certificate number 59017.

17 |     11.    Korts & Knight maintained a checking account at First Republic Bank, with an account
18 | number ending in -0201.

19 |     12.    JVM Lending, Forum Design, and Korts & Knight each maintained corporate payment
20 | systems linked to the companies' checking accounts. These systems varied, but, in each case, certain
21 | employees were authorized to use these systems and, using these systems, could initiate payments from
22 | the companies' checking accounts, via check or electronic funds transfer. These systems were intended
23 | to pay legitimate company expenses, reimbursements, or payroll.

24 |     13.    BASADA maintained a personal checking account at Citibank, with an account number
25 | ending in -9797.

26 |     14.    BASADA maintained a personal checking account at Bank of America, with an account
27 | number ending in -7473.

28 | //

INDICTMENT                                                   2

## The Scheme to Defraud

15. Beginning at a date unknown, but no later than June 2010, and continuing through a date unknown, but no earlier than February 2015, BASADA knowingly devised, intended to devise, and carried out a scheme and artifice to defraud her employers, by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material facts, and a material scheme and artifice to defraud a financial institution and to obtain money and property under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material facts, which scheme is described further below.

16. As part of the scheme to defraud, BASADA was given or fraudulently obtained access to the payment systems of her employers. BASADA then used her access to the payment systems of her employers to fraudulently initiate payments to herself from the checking accounts of her employers, without their authorization or knowledge.

17. It was further part of the scheme that BASADA did conceal and hide, and cause to be concealed and hidden, the acts done and the purpose of the acts done in furtherance of the scheme, in part by:

(a) initiating, through the corporate payment system, bank transactions as if they were authorized by her employers, thus misrepresenting to the banks that these were authorized payments when they were in fact not;

(b) creating the false appearance that the funds she fraudulently converted were legitimate wages and reimbursements from goods that she had purchased for, or services that she had rendered to, her employers, in part by describing these payments, in the corporate payment systems, as wages for specific pay periods or reimbursements to her for specific goods or services; and

(c) failing to make legitimate payments to vendors and other obligations of her employers, including but not limited to failing to make retirement contributions to the Forum Design 401(k) Plan and the Interior Design Works LTD SIMPLE Plan, after these retirement contributions had been withheld from employees' paychecks.

18. Also as part of the scheme to defraud, BASADA prepared checks for signature by Victim

INDICTMENT                                3

J.V. These checks were intended to pay vendors. After obtaining the signature of J.V. on the checks, BASADA fraudulently completed the payee portion of the check to "cash," and deposited these fraudulently completed checks in her personal bank account.

COUNTS ONE THROUGH TWELVE: (18 U.S.C. § 1344(1), (2) – Bank Fraud)

19. The factual allegations in paragraphs 1 through 18 are re-alleged and incorporated herein as if set forth in full.

20. Beginning at a date unknown, but no later than June 2010, and continuing through a date unknown, but no earlier than February 2015, in the Northern District of California and elsewhere, the defendant,

CHARLYNE BASADA,

did knowingly and with the intent to defraud devise and execute, and attempt to execute, a material scheme and artifice to defraud a financial institution and to obtain moneys, funds, credits, assets, and other property that were then under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material facts.

Execution of the Scheme

21. On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendant,

CHARLYNE BASADA,

conducted the following financial transactions, among others:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 1 | 1/21/2011 | Deposit of check from JVM Lending's Wells Fargo account ending in -6021 for $1,227.49 to BASADA's Bank of America account ending in -7473 |
| 2 | 2/25/2011 | Deposit of check from JVM Lending's Wells Fargo account ending in -6021 for $1,205.06 to BASADA's Bank of America account ending in -7473 |
| 3 | 4/4/2011 | Deposit of personal check from Victim J.V.'s Wells Fargo account ending in -6137 for $1,328.52 to BASADA's Bank of America Account ending in -7473 |
| 4 | 5/11/2011 | Deposit of personal check from Victim J.V.'s Wells Fargo account ending in -6137 for $1,382.00 to BASADA's Bank of America Account ending in -7473 |

INDICTMENT                                                  4

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 5 | 4/1/2013 | Electronic transfer from Forum Design's Citibank account ending in -4321 for $3,500 to BASADA's Bank of America account ending in -7473 |
| 6 | 4/3/2013 | Deposit of check from Forum Design's Citibank account ending in -4321 for $4,200 to BASADA's Bank of America account ending in -7473 |
| 7 | 4/5/2013 | Electronic transfer from Forum Design's Citibank account ending in -4321 for $8,400 to BASADA's Bank of America account ending in -7473 |
| 8 | 1/30/2014 | Electronic transfer from Forum Design's Citibank account ending in -4321 for $5,390 to BASADA's Bank of America account ending in -7473 |
| 9 | 1/31/2014 | Deposit of check from Forum Design's Citibank account ending in -4321 for $3,500 to BASADA's Bank of America account ending in -7473 |
| 10 | 2/6/2014 | Electronic transfer from Forum Design's Citibank account ending in -4321 for $9,520 to BASADA's Bank of America account ending in -7473 |
| 11 | 10/29/2014 | Electronic transfer from Korts & Knight's First Republic account ending in -0201 for $9,776.33 to BASADA's Citibank account ending in -9797 |
| 12 | 11/12/2014 | Electronic transfer from Korts & Knight's First Republic account ending in -0201 for $10,217.19 to BASADA's Citibank account ending in -9797 |

Each in violation of Title 18, United States Code, Section 1344(1) and 1344(2).

COUNTS THIRTEEN THROUGH SIXTEEN: (18 U.S.C. § 1343 – Wire Fraud)

22.     Paragraphs 1 through 18 are realleged and incorporated herein by reference.

23.     Beginning at a date unknown, but no later than June 2010, and continuing through a date unknown, but no earlier than February 2015, in the Northern District of California and elsewhere, the defendant,

CHARLYNE BASADA,

did knowingly and with the intent to defraud devise and execute, and attempt to execute, a material scheme and artifice to defraud, by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material facts.

Execution of the Scheme

24.     On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendant,

CHARLYNE BASADA,

did knowingly transmit and cause to be transmitted the following writings, signs, signals, pictures, and sounds in interstate commerce by means of wire, radio, and television communications:

INDICTMENT                                                  5

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| 13 | 3/28/2013 | Request to CitiBusiness Online Payroll to initiate electronic transfer payment |
| 14 | 4/3/2013 | Request to CitiBusiness Online Payroll to initiate electronic transfer payment |
| 15 | 1/28/2014 | Request to CitiBusiness Online Payroll to initiate electronic transfer payment |
| 16 | 2/4/2014 | Request to CitiBusiness Online Payroll to initiate electronic transfer payment |

Each in violation of Title 18, United States Code, Section 1343.

COUNT SEVENTEEN:     (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

25.  The factual allegations of Paragraphs 1 through 18 and 20 through 21 are re-alleged and incorporated as if fully set forth here.

26.  On or about April 1, 2011, in the Northern District of California and elsewhere, the defendant,

CHARLYNE BASADA,

did knowingly possess and use, without lawful authority, a means of identification of another person, that is, the name, signature, and Wells Fargo account number of the real individual J.V., during and in relation to felony violations of Title 18, United States Code, Section 1344(1) and 1344(2), as described in Count Three of this Indictment, in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT EIGHTEEN:     (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

27.  The factual allegations of Paragraphs 1 through 18 and 20 through 21 are re-alleged and incorporated as if fully set forth here.

28.  On or about May 11, 2011, in the Northern District of California and elsewhere, the defendant,

CHARLYNE BASADA,

did knowingly possess and use, without lawful authority, a means of identification of another person, that is, the name, signature, and Wells Fargo account number of the real individual J.V., during and in relation to felony violations of Title 18, United States Code, Section 1344(1) and 1344(2), as described in Count Four of this Indictment, in violation of Title 18, United States Code, Section 1028A(a)(1).

//

INDICTMENT                                                6

1 | <u>FORFEITURE ALLEGATION:</u>   (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture)

2   29.  All of the allegations contained in this Indictment are re-alleged and by this reference
3 fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18,
4 United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).
5   30.  Upon a conviction for the offenses alleged in Counts One through Sixteen of this
6 Indictment, the defendant,

**CHARLYNE BASADA,**

8 shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all
9 property constituting, and derived from, proceeds the defendant obtained directly and indirectly, as the
10 result of those violations.
11   31.  If any of the aforementioned property, as a result of any act or omission of defendant –
12   a.  cannot be located upon the exercise of due diligence;
13   b.  has been transferred or sold to, or deposited with, a third person;
14   c.  has been placed beyond the jurisdiction of the Court;
15   d.  has been substantially diminished in value; or
16   e.  has been commingled with other property that cannot be divided without difficulty;
17 any and all interest the defendant has in other property shall be vested in the United States and
18 forfeited to the United States pursuant to 21 U.S.C. § 853p, as incorporated by 18 U.S.C. § 982(b)(1).
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

INDICTMENT                              7

All in violation of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED:    A TRUE BILL

9-10-15

_____
FOREPERSON

BRIAN J. STRETCH
Acting United States Attorney

_____
PHILIP A. GUENTERT
Deputy Chief, Criminal Division

(Approved as to form: _____ )
AUSA KINGSLEY

INDICTMENT                8